## CARTER et al. v. ST. LOUIS–SAN FRANCISCO RY. CO. (No. 3712.)

Court of Civil Appeals of Texas. Texarkana. May 30, 1929.

Davidson, Blalock & Blalock, of Marshall, for appellants.

W. H. Strength, of Marshall, for appellee.

HODGES, J. The appellee filed this suit in the county court to recover of the Carter Produce Company, a partnership composed of appellants A. G. Carter and J. C. Carter, and J. A. Robinson, also one of the appellants, who was doing business under the name of Produce Distributing Company. The purpose of the suit was to recover freight and icing charges on a carload of bananas originally shipped by the Fruit Dispatch Company from New Orleans, La., over the Texas & Pacific Railway, to the Carter Produce Company at Marshall, Tex. The petition alleged that after the car reached Marshall the Carter Produce Company ordered its reshipment to the Produce Distributing Company at Ft. Smith, Ark., and guaranteed the payment of all charges; that the Produce Distributing Company diverted the shipment, over the line of the appellee, to one Bart Luck at Springdale, Ark., and guaranteed the payment of all charges. It was further alleged that, relying upon those guaranties, the car was shipped as directed and delivered to Luck at Springdale without the payment of the charges. In their first amended answer the appellants pleaded, in addition to a general denial, that it was the duty of the appellee to collect all freight and other charges due on the shipment, or to make a diligent effort to do so, before making a delivery; that the appellee railway company failed to collect those charges or to make a reasonable effort to do so, and wrongfully delivered the fruit without payment of those expenses. By way of plea in reconvention appellants claim that they were damaged in the sum of $244.31, the value of the shipment. In a trial before the court without a jury a judgment was rendered in favor of the appellee against all the appellants for the sum of $286.27, the amount sued for.

In their brief appellants say that they rely upon the following proposition for a reversal of the judgment rendered in this case: "The bill of lading provides that the carrier shall not make delivery of the shipment without payment of freight and all other lawful charges; and by delivering the shipment to Bart Luck without collecting the charges the appellee cannot recover the charges from the appellants in this case." It appears from the record that the statement of facts in this case was filed in the court below more than 80 days after adjournment. There is in the record no order showing an extension of the time for the filing of such statement, as required by article 2246 of the Revised Civil Statutes of 1925.

The motion of the appellee to strike out the statement of facts will be sustained, thus removing from the record all the evidence introduced in the trial below. In that state of the record the judgment must be affirmed. It may be proper to say that before passing upon appellee's motion the statement of facts was examined, and we are of the opinion that, even if it should be permitted to remain in the record and considered in determining the merits of this appeal, the same disposition of the case should be made.

The judgment is affirmed.